UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SHERRY BLOMSTEDT | : | |
| *Plaintiff* | : | |
| | : | |
| v. | : | C.A. No. |
| | : | |
| JOSEPH A. DIBIASE, JR., | : | Jury trial demanded on all counts. |
| JOSEPH A. DIBIASE, SR., and | : | |
| JDB ENTERPRISES, LLC d/b/a | : | |
| AID4MOBILITY | : | |
| *Defendants* | : | |

## COMPLAINT FOR DAMAGES WITH JURY DEMAND

Now comes the Plaintiff in the above entitled matter and complains as follows:

## PARTIES

1. Plaintiff Sherry Blomstedt brings this action for damages for personal injuries she sustained on January 15, 2019 as a result of a motor vehicle accident caused by Joseph A. DiBiase, Jr., who, at the time of the accident, was driving a vehicle owned by Joseph A. DiBiase, Sr. and marked with a sign for Aid4Mobility.

2. Ms. Blomstedt is an adult individual residing in Killingly, Connecticut.

3. Upon information and belief, Defendant Joseph A. DiBiase, Jr. is an adult individual residing in Washington County, Rhode Island.

4. Upon information and belief, Defendant Joseph A. DiBiase, Sr. is an adult individual residing in Washington County, Rhode Island.

5. Upon information and belief, Defendant JDB Enterprises, LLC d/b/a Aid4Mobility ("Aid4Mobility") is a limited liability company, organized and existing pursuant to the laws of Rhode Island and having a principal place of business of 16 Riptide Drive, Saunderstown, Rhode Island 02874.

## JURISDICTION AND VENUE

6. This action arises out of Ms. Blomstedt's claims for damages that she suffered as a result of a motor vehicle accident which occurred in Rhode Island.

7. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the parties are diverse.

8. The Plaintiff, Ms. Blomstedt, resides in Connecticut.

9. Upon information and belief, Defendant, Joseph A. DiBiase, Jr., resides in Rhode Island.

10. Upon information and belief, Defendant, Joseph A. DiBiase, Sr., resides in Rhode Island.

11. Upon information and belief, all the members of Defendant, Aid4Mobility, reside in Rhode Island.

12. The amount in controversy exceeds $75,000 exclusive of interest and costs.

13. Venue is proper in this Court because Defendants are residents of the State of Rhode Island and the events giving rise to Plaintiff's claims occurred in the State of Rhode Island.  28 U.S.C. §§ 1391(b)(1)-(2).

## ALLEGATIONS

14. On January 15, 2019, Ms. Blomstedt was driving to work on Route 6 West in Providence, Rhode Island.

15. Ms. Blomstedt was driving in the right-hand lane when Defendant Joseph A. DiBiase, Jr., who was driving in the left-hand lane, moved into the right-hand lane and sideswiped Ms. Blomstedt's vehicle.

16. The vehicle Mr. DiBiase, Jr. was driving at the time of the accident was marked with a sign for the company "Aid4Mobility."

17. Mr. DiBiase, Jr. did not stop after striking Ms. Blomstedt's vehicle.  He drove away.

18. Ms. Blomstedt reported the accident to the Rhode Island State Police.

19. Mr. DiBiase, Jr. later "responded to the Hope Valley Barracks, provided proper documentation and admitted fault."

20. Mr. DiBiase, Jr. was cited for three motor vehicle violations:

    1. R.I.G.L. § 31-15-11 – Laned Roadways: "A vehicle shall be driven as nearly as practical entirely within a single lane and shall not be moved from the lane until the driver has first ascertained that the movement can be made with safety."

    2. R.I.G.L. § 31-14-1 – Reasonable and Prudent Speeds: "No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event, speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care."

    3. R.I.G.L. § 31-15-12 – Interval between Vehicles: "The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of the vehicles and the traffic upon and the condition of the highway, and shall, whenever traveling through a business or residential district, and whenever traffic permits, leave sufficient space so that an overtaking vehicle may enter and occupy the space without danger."

21. As a direct and proximate result of the negligent acts of Mr. DiBiase, Jr., Ms. Blomstedt sustained serious injuries, incurred expenses for medical care, incurred financial losses, lost wages, and has incurred and will continue to incur great pain and suffering.

22. Among other things, she suffered a herniated disc which caused significant lower back pain and radiculopathy down her right leg and necessitated two lower back surgeries, among other treatment.

23. Ms. Blomstedt continues to suffer ongoing symptoms, including numbness in her right foot and the back of her right calf, as well as some discomfort and stiffness in her back.

24. Ms. Blomstedt's injuries caused her to miss work.

25. Ms. Blomstedt's injuries caused her pain and suffering.

26. Ms. Blomstedt's injuries negatively impacted her quality of life.

27. Upon information and belief, Ms. Blomstedt suffered permanent injuries resulting from the January 15, 2019 motor vehicle accident.

## COUNT I
### (Negligent Operation of a Motor Vehicle Against Joseph A. DiBiase, Jr.)

28. Plaintiff repeats and reaffirms the allegations set forth in Paragraphs 1 through 27, as though fully set forth herein.

29. On or about January 15, 2019, Defendant Joseph A. DiBiase, Jr. owed a duty to Ms. Blomstedt to use reasonable care when operating a motor vehicle.

30. Mr. DiBiase, Jr. breached the aforementioned duty owed to Plaintiff, and operated said motor vehicle without reasonable care, causing it to strike the motor vehicle being operated by Ms. Blomstedt.

31. As a direct and proximate result of the negligence of Joseph A. DiBiase, Jr., Ms. Blomstedt sustained serious injuries, incurred expenses for medical care, incurred financial losses, lost wages, and has incurred and will continue to incur great pain and suffering.

## COUNT II
### (Liability of Joseph A. DiBiase, Sr. for Damages Caused by Joseph A. DiBiase, Jr. Under R.I. Gen. Laws § 31-33-6)

32. Plaintiff repeats and reaffirms the allegations set forth in Paragraphs 1 through 31, as though fully set forth herein.

33. On or about January 15, 2019, Defendant Joseph A. DiBiase, Jr. negligently operated a motor vehicle on a public highway of the State of Rhode Island.

34. Upon information and belief, on or about January 15, 2019, Defendant Joseph A. DiBiase, Sr. was the owner of the motor vehicle being operated by Mr. DiBiase, Jr.

35. Upon information and belief, on or about January 15, 2019, the motor vehicle being operated by Mr. DiBiase, Jr. was registered in Mr. DiBiase, Sr.'s name.

36. Upon information and belief, Mr. DiBiase, Jr. was operating the motor vehicle with the consent of Mr. DiBiase, Sr. *See* R.I. Gen. Laws § 31-33-7.

37. Under Rhode Island Gen. Laws § 31-33-6, Mr. DiBiase, Jr. is deemed to be the agent of Mr. DiBiase, Sr. and Mr. DiBiase, Sr. is liable for the acts of Mr. DiBiase, Jr.

38. As a direct and proximate result of the negligent acts of Mr. DiBiase, Jr., Ms. Blomstedt sustained serious injuries, incurred expenses for medical care, incurred financial losses, lost wages, and has incurred and will continue to incur great pain and suffering.

## COUNT III
### (Liability of JDB Enterprises, LLC d/b/a Aid4Mobility for Damages Caused by Joseph A. DiBiase, Jr.)

39. Plaintiff repeats and reaffirms the allegations set forth in Paragraphs 1 through 38, as though fully set forth herein.

40. Upon information and belief, on or about January 15, 2019, Defendant Joseph A. DiBiase, Jr. was an employee of Defendant JDB Enterprises, LLC d/b/a Aid4Mobility ("Aid4Mobility").

41. Upon information and belief, Aid4Mobility is a business that provides sales, rentals, services, and installation of stairlifts, platform lifts, and mobility lifts.

42. Upon information and belief, as part of his duties as an employee of Aid4Mobility, Mr. DiBiase, Jr. was required to travel to customers' homes.

43. Upon information and belief, the motor vehicle operated by Mr. DiBiase, Jr. at the time of the January 15, 2019 accident displayed a business identification for Aid4Mobility.

44. Upon information and belief, Mr. DiBiase, Jr. was acting within the scope of his employment at the time of the January 15, 2019 accident.

45. Under the doctrine of respondeat superior, as Mr. DiBiase, Jr.'s employer, Aid4Mobility is liable for the acts of Mr. DiBiase, Jr. when he is acting within the scope of his employment.

46. As a direct and proximate result of the negligent acts of Mr. DiBiase, Jr., Ms. Blomstedt sustained serious injuries, incurred expenses for medical care, incurred financial losses, lost wages, and has incurred and will continue to incur great pain and suffering.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants for compensatory damages, including, but not limited to, medical expenses, pain and suffering, lost wages, interest, and reasonable attorney's fees and costs, and such other relief as this Court deems just.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a TRIAL BY JURY.

Plaintiff, Sherry Blomstedt

By her attorneys,

/s/ Leah Small
J. Scott Kilpatrick, Esq. (#4036)
jskilpatrick@cck-law.com
Mason J. Waring, Esq. (#7737)
mwaring@cck-law.com
Leah Small, Esq. (#9701)
lsmall@cck-law.com
Chisholm Chisholm & Kilpatrick LTD
321 South Main Street #200
Providence, RI   02903
(401) 331-6300
(401) 421-3185 Fax